UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

QUINCY JOHNSON, JONES, MYOTT,
WILLIAMS, ACEVEDO, VAUGHN
ARCHITECTS, INC., a Florida corporation
f/k/a Quincy Johnson Associates Architects,
Inc.,

                Plaintiff,

-vs-                                          Case No.  5:05-cv-37-Oc-10GRJ

PRINGLE DEVELOPMENT INC., a Florida
corporation, KEN KNORR, individually,

                Defendants.
_____

## O R D E R

This case is before the Court for consideration of Defendants Pringle Development, Inc. and Ken Knorr's Motion for an Award of Reasonable Attorneys' Fees and Related Non-taxable Expenses from Plaintiff (Doc. 21) and Plaintiff's Amended Motion for Court to Review Taxation of Costs and Deny Taxation of Some or All of Such Costs (Doc. 33). The motions are ripe for review and the Court concludes that the Defendants' motion is due to be denied and the Plaintiff's motion is due to be granted.

### Background

On January 10, 2005, the Plaintiff filed a Complaint in this Court, alleging eight claims against the Defendants, including three claims that the Defendants violated provisions of the Lanham Act, namely, 15 U.S.C. §§ 1114, 1125(a) and 1125(c). The

Defendants filed a timely Answer to the Complaint and began to conduct discovery. The Defendants did not, however, file a motion to dismiss, a motion for summary judgment, or any other substantive motion in this case other than their motion now before the Court. Further, the Plaintiff neither conducted discovery, nor filed any substantive motion in this case other than its motion now before the Court.

On December 21, 2005, the parties filed a Joint Stipulation for Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). In the joint stipulation, the parties agreed that "Defendant Pringle Development, Inc. and Ken Knorr hereby reserve all rights to seek their attorneys' fees and costs incurred in connection with defending this action." Shortly after the parties' filing, the Court entered an Order dismissing the case pursuant to the parties' joint stipulation and directing the Clerk to enter judgment. The Clerk entered judgment dismissing the case with prejudice on January 4, 2006.

On January 18, 2006, the Defendants moved for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 4.18, 15 U.S.C. § 1117, "and this Court's inherent power and authority." In their memorandum of law supporting their motion for attorneys' fees, the Defendants relied upon § 1117 as the legal basis for their proposed attorneys' fee award. Section 1117 states that, in cases involving "a violation of any right to a registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title . . . . The court in exceptional cases may award attorneys' fees to the prevailing party." While asserting - without citation to legal authority - that they are

prevailing parties under § 1117, the Defendants argued in their motion that they should receive attorneys' fees in this case because of the allegedly frivolous nature of the Plaintiff's Complaint. The Plaintiff responded that the Defendants are not prevailing parties under § 1117 and, alternatively, that this is not an "exceptional case" meriting attorneys' fees under that section.

On January 20, 2006, the Defendants filed a Bill of Costs, taxing as costs $2,843.51 against the Plaintiff. On March 2, 2006, the Plaintiff filed its motion, arguing that the Defendants were not entitled to costs in this case because they were not prevailing parties pursuant to Federal Rule of Civil Procedure 54(d)(1). Rule 54(d)(1) states, in pertinent part, that, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Defendants responded that they were, in fact, prevailing parties under Rule 54(d)(1) because the dismissal in this case was with prejudice.

## Discussion

The threshold question before the Court, which in this case is the dispositive issue, is whether the Defendants are prevailing parties under § 1117 and Rule 54(d)(1), where the parties entered into a joint stipulation for dismissal with prejudice pursuant to Rule 42(a)(1)(ii) without admission of liability or fault by any party.

Under the "American Rule" that prevails in our system of justice, it is the duty of each party, whether they win or lose, to bear their own attorneys' fees.[1] Congress may, however, alter the general rule by statutory language that permits a prevailing party to recover reasonable attorneys' fees.[2] Section 1117 contains such fee-shifting language, and allows the prevailing party to recover attorneys' fees in certain exceptional Title 15 cases. Rule 54(d)(2) operates to provide costs not including attorneys' fees as a matter of course to prevailing parties.[3]

The Supreme Court has explained that a prevailing party "is one who has been awarded some relief by the court."[4] Following the Supreme Court, the Eleventh Circuit articulated a two-prong test for determining whether a litigant is a prevailing party, finding

---

[1] See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res., 532 U.S. 598, 603, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) ("Under this American Rule, we follow a general practice of not awarding fees to a prevailing party absent explicit statutory authority.")

[2] See id.

[3] Because courts have interpreted the term of art "prevailing party" similarly in the context of Rule 54(d)(1) and statutory provisions allowing the recovery of attorneys' fees, and because only in their opposition to the Plaintiff's motion do the Defendants address the issue of whether they are the prevailing parties, the Court will address concurrently whether the Defendants are the prevailing party under Rule 54(d)(1) and § 1117.

[4] Buckhannon, 532 U.S. at 604-05 (The Court stressed the need for "judicial imprimatur" or "judicial relief" and stated that prevailing party status can be found when there "is a court-ordered change [in a] legal relationship between [the plaintiff] and the defendant."); Bryant v. MV Trans., Inc., 231 F.R.D. 480, 481-82 (E.D. Va. 2005) ("Clearly, Buckhannon requires some role of the court in the resolution of an action in order to judicially determine who prevailed in that action."); see also Peek-a-boo Lounge v. Manatee County, 2006 WL 1151974, * 1 (M.D. Fla. April 28, 2006) ("[I]n order to qualify as a 'prevailing party' under a fee shifting statute, a plaintiff must have obtained a court-ordered change in the legal relationship between the plaintiff and the defendant.") (citations omitted).

that "there must be (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties."[5] Moreover, the Supreme Court has held that, "Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail."[6]

Here, the parties entered into a joint stipulation of dismissal pursuant to Rule 41(a)(1) without an admission or judicial determination and, thus, there is no prevailing party.[7] A joint stipulation of dismissal filed pursuant to Rule 41(a)(1) - with or without prejudice - is effective upon filing and requires no further action by the district court.[8] Actions taken by

---

[5] Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003) (quoting Buckhannon, 532 U.S. at 604-05). The Eleventh Circuit explained that: "Thus, one can be a prevailing party, for example, under an enforceable judgment on the merits or under a court-ordered consent decree. Either option constitutes a material alteration in the legal relationship of the parties. One may be a prevailing party through formal entry of a consent decree as to a private settlement agreement because the agreement has the necessary judicial approval and oversight to be considered an alteration in the legal relationship of the parties warranting an award of attorneys' fees . . . .") (citations omitted).

[6] Hewitt v. Helms, 482 U.S. 755, 760, 107 S. Ct. 2672, 96 L. Ed. 2d 654 (1987) (citing Hanrahan v. Hampton, 446 U.S. 754, 757, 100 S. Ct. 1987, 64 L. Ed.2d 670 (1980)).

[7] See Bryant, 231 F.R.D. at 481 ("Under such circumstances, there is no judicial determination as to who is the prevailing party in the case. In fact, there is no determination of any kind as to who "won" the dispute. The parties could have agreed to dismiss for any number of reasons or benefits, other than because one party would have won on the merits if the case went to trial. Thus, neither litigant is the prevailing party."); see also DeShiro v. Branch, 183 F.R.D. 281, 286 (M.D. Fla. 1998) (finding that a litigant was not a prevailing party for purposes of a fee shifting statute because the claims at issue "were voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(1); thus the Court did not have the opportunity to address the merits of those claims").

[8] See Fed. R. Civ. P. 41(a)(1); Meinicke v. H&R Block of Houston, 66 F.3d 77, 82 (5th Cir. 1995) ("According to this Rule, such stipulations take effect when filed and do not require an order
(continued...)

the Court or the Clerk relating to the dismissal that follow the filing of the joint stipulation do not affect its intended result.[9]  Indeed, the Court has no power to deny a dismissal effectuated pursuant to Rule 41(a)(1), nor may the Court condition such a dismissal.[10]

The Defendants' only legal argument supporting their assertion that they are prevailing parties is in their opposition to the Plaintiff's motion to review costs.  The Defendants' argument, however, is not well taken, because every authority cited by the Defendants involves a plaintiff's voluntary motion for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).  "Rule 41(a)(2) operates in a way that is significantly different from Rule 41(a)(1)(ii)."[11]  Indeed, unlike a Rule 41(a)(1)(ii) dismissal, a voluntary dismissal under Rule 41(a)(2) requires a substantial role by the court for its effectuation: the plaintiff must move in writing to dismiss the action; the court must exercise discretion to approve

---

[8](...continued) of the court.  Fed. R. Civ. P. 41(a)(1)(ii).  Therefore, the district court's order approving the dismissal is of no consequence."); see also Boran v. United Migrant Opportunity Srvcs., Inc., 99 Fed. Appx. 64, 67 (7th Cir. 2004) ("A court order is not required to give effect to a Rule 41(a)(1) dismissal.  A stipulation of dismissal terminates the case upon filing with the clerk.  Judicial approval is not required and cannot be withheld.") (citations omitted).  An order by the court that merely "approves" a pro forma stipulation of dismissal and directs the clerk to enter judgment is a ministerial order for the benefit of the clerk; it is not intended to adjudicate or otherwise affect the rights of the parties in any way.

[9] See Matter of West Texas Marketing Corp., 12 F.3d 497, 501 (5th Cir. 1994) ("[W]hen the parties voluntarily agreed to a dismissal, under Federal Rule of Civil Procedure 41(a)(1)(ii) and under the case law of this circuit, any further actions by the court were superfluous.") (citing Williams v. Ezell, 531 F.2d 1261, 1263-64 (5th Cir. 1976)).

[10] See Fed. R. Civ. P. 41(a)(1)(ii); see also Williams, 531 F.2d at 1263-64 ("The court had no power or discretion to deny plaintiffs' right to dismiss [pursuant to Rule 41(a)(1)(i)] or to attach any condition or burden to that right.").

[11] Bryant, 231 F.R.D. at 482.

or disapprove the motion; the court must decide whether to impose conditions on the moving party; and the dismissal is not valid unless the parties obtain a court order.[12] Thus, a Rule 41(a)(2) dismissal has the "judicial imprimatur" that a Rule 41(a)(1) dismissal lacks.[13]

In addition, the Court does not agree with the Defendants' assertion that the language in the stipulation that purported to "reserve all rights to seek their attorneys' fees and costs" (emphasis supplied) allows them now to recover those sums. The Defendants' reservation of rights provided them with no new rights, but merely shielded from extinguishment any rights they may have had. Accordingly, the language in this stipulation has been given full effect because the Defendants have sought fees and costs; it has simply turned out that the Defendants never obtained the status of a prevailing party and never had the right to recover fees and costs pursuant to that status.

Finally, in their motion, the Defendants stress the alleged frivolousness of the Plaintiff's Complaint in an attempt to convince the Court not only of the exceptional nature of this case under § 1117, but presumably also in an effort to have the Court exercise its inherent authority to provide an award of attorneys' fees in this case.[14] Key to the

---

[12] See Negron v. City of Miami Beach, 113 F.3d 1563, 1571 (11th Cir. 1997) (Rule 41(a)(2) motion "requires leave of the court and is subject to the court's discretion"); Bryant, 231 F.R.D. at 482.

[13] See Buckhannon, 532 U.S. at 604-05; Bryant, 231 F.R.D. at 482.

[14] Although the Defendants' motion purports to raise the Court's inherent authority to award attorneys' fees, it does not suggest why the Court should exercise its discretion in this case and, (continued...)

Defendants' argument is the alleged facial invalidity of four of the claims in the Complaint and the alleged gross factual deficiency of the other four claims. The Court, however, is not convinced from the very limited record in this case that the Plaintiff acted without cause in filing the Complaint or, indeed, that this case is exceptional under § 1117. If half of the claims in the Complaint lacked any legal basis, it seems odd that the Defendants conducted one-year's worth of discovery on those claims rather than immediately moving to dismiss them. Moreover, the Defendants chose not to file motions for summary judgment and - to the Court's knowledge - chose not to negotiate recovery of their attorneys' fees and costs. The Defendant's cannot now seek to have the Court rule on the merits of their claims and declare them the prevailing party after choosing to agree with the Plaintiff to a Rule 41(a)(1)(ii) joint stipulation of dismissal of the case. Therefore, the Court declines to exercise its inherent authority to order an award of attorneys' fees.

## Conclusion

Accordingly, upon due consideration, it is Ordered that:

(1) The Defendants' Motion for an Award of Reasonable Attorneys' Fees and Related Non-taxable Expenses from Plaintiff (Doc. 21) is DENIED in all respects;

(2) The Defendants' request for oral argument is DENIED;

(3) The Plaintiff's Amended Motion for Court to Review Taxation of Costs and

---

[14](...continued)
thus, the Court's analysis of this issue is appropriately limited.

Deny Taxation of Some or All of Such Costs (Doc. 33) is GRANTED;

(4) The Defendants are DENIED the taxation of all costs specified in the Bill of Costs (Doc. 26);

(5) The Clerk is directed to enter judgment accordingly and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 1st day of August, 2006.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record